UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KENNETH D. BURR, JR ,**

    **Plaintiff,**

v.                                                              Case No: 5:18-cv-518-Oc-18PRL

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

In this Social Security case, the Commissioner has filed a motion for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Doc. 23). The Court has elected, in an abundance of caution, to treat the motion as a motion for summary judgment and has given Plaintiff notice and an opportunity to file additional evidence or argument. (Doc. 26, 27). After a review of the arguments and the additional materials submitted by Plaintiff, I submit that the Commissioner's motion for partial summary judgment is due to be granted.

**I.  BACKGROUND**

Plaintiff's application for Disability Insurance Benefits was denied by written order after a hearing before an Administrative Law Judge (ALJ), and the Appeals Council denied review. (Doc. 1, Exh. A). Plaintiff brought this action alleging that the ALJ's decision was not supported by substantial evidence and that the ALJ who decided his case was not properly appointed under

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

the Appointments Clause. *See* Art. II, § 2, cl. 2, U.S. Const. The Commissioner then moved for partial judgment on the Appointments Clause claim, arguing that the claim was forfeited by virtue of Plaintiff's failure to raise the issue before the Commissioner. Plaintiff has opposed the motion, appearing to argue that the issue was not forfeited because it could not have been raised and decided by the Commissioner below.[2]

## II. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the Court reviews "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Crawford v. Carroll*, 529 F.3d 961, 964 (11th Cir. 2008). The Court considers the "evidence and reasonable factual inferences drawn therefrom in a light most favorable to the non-moving party." *Id.* The moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant is successful on this score, the non-moving party must then come forward with sufficient evidence to establish the existence of the elements on which she will bear the burden of proof at trial. *Id.* at 322-23. The non-moving party may not simply rest on the pleadings, but must use evidence such as affidavits, depositions, answers to interrogatories, or admissions on file to show that there is a genuine issue of material fact that remains for trial. *Id.* at 324.

A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict" for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248,

---

[2] Plaintiff does not, though, present a legal memorandum or argument in support of his position. Rather, he merely attaches one opinion that held in his favor, which is discussed below, and two emergency messages from the Commissioner addressing *Lucia* and instructing ALJs and the Appeals Council not to rule on Appointments Clause challenges.

(1986). Which facts are material depends on the underlying substantive law. *Id.* "A court need not permit a case to go to a jury . . . when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" *Mize v. Jefferson City Bd. of Educ.,* 93 F.3d 739, 743 (11th Cir.1996).

### III.   DISCUSSION

The Appointments Clause establishes that only the President, a court of law, or a head of a department can appoint an "Officer" of the United States. *See Lucia v. SEC*, 138 S.Ct. 2044, 2051 (2018). While the question of who counts as an "Officer" for the purposes of the clause is often a contested issue, the Commissioner does not dispute that the ALJ here was acting as an "Officer" for purposes of the Appointments Clauses. (Doc. 23, p. 5 n.2). Nor does the Commissioner maintain that the ALJ was lawfully appointed under the Appointments Clause.[3] (*Id.*). The Commissioner's sole argument is that the issue was forfeited below. *See Lucia*, 138 S.Ct. at 2055 (noting that "'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief") (quoting *Ryder v. United States*, 515 U.S. 177, 182–83 (1995)). For his part, Plaintiff does not dispute that the issue was not raised below but maintains he was not required to do so. Therefore, the only issue presented by the Commissioner's motion is a question of law: whether Plaintiff forfeited his Appointments Clause claim by not raising it below.

The vast majority of courts that have considered the issue of forfeiture have concluded that a plaintiff/appellant forfeits an Appointment Clause challenge to an ALJ's decision by failing to

---

[3] The Acting Commissioner has since ratified the appointments of all ALJs. *See* Soc. Sec. Emergency Message (EM) 18003 REV 2, § B *available at* https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM.

raise it before the Commissioner.[4] *See, e.g.*, *Martin v. Berryhill*, 1:18-cv-115, ECF Doc. 17, slip op at 10–11 (M.D.N.C. Dec. 11, 2018) *report and recommendations adopted by* ECF Doc. 19 (M.D.N.C. Jan. 4, 2019). Only a few courts have decided the issue the other way. *See Culclasure v. Comm'r of Soc. Sec.*, No. 18-1543, 2019 WL 1641192, at *12 (E.D. Pa. April 16, 2019); *Muhammad v. Berryhill*, No. 18-172, 2018 WL 8139774, at *13 (E.D. Pa. Nov. 2, 2018).

The general rule is that a party seeking to challenge the appointment of the official deciding his case must raise the issue "while his case was pending before that court on direct review." *Ryder v. United States*, 515 U.S. 177, 180–82 (1995). Appointments Clause challenges are "non-jurisdictional" and, thus, subject to waiver or forfeiture if not raised in a timely manner. *See Freytag v. Comm'r of Internal Rev.*, 501 U.S. 868, 878 (1991). The court does, however, have discretion to entertain such challenges in the "rare case." *Id.*; *see also In re DBC*, 545 F.3d 1373, 1380 (Fed. Cir. 2008) ("The Supreme Court has never indicated that [Appointments Clause] challenges must be heard regardless of waiver."). This case does not present a situation where exercising that discretion would be appropriate for several reasons.

First, Plaintiff has not shown that anything prevented him from raising the issue before the Commissioner. The *Lucia* opinion is itself a straightforward application of the principles of the Court's earlier decision in *Freytag*. *See* 138 S.Ct. at 2053 ("*Freytag* says everything necessary to decide this case."). *Lucia* did not create any new constitutional rules or standards—it simply applied the same standards to a different agency. Indeed, the plaintiff in *Lucia* faced fundamentally the same situation as Plaintiff here but elected to press his argument before the SEC, giving the Commission an opportunity to address the argument. *Cf. Hill v. SEC*, 825 F.3d 1236, 1243 (11th Cir. 2016) (holding that Appointment Clause challenge to SEC ALJ was "essentially [an] objection

---

[4] The Commissioner has identified eighteen district court decisions taking this view thus far. (Doc. 23, p. 8).

to forthcoming Commission orders" and thus had to be first presented to the Commission). Although it is true that the Department of Justice changed its position on the status of the Social Security Administration's ALJs during Plaintiff's appeal, nothing about the substantive law of the Appointments Clause has changed in any significant way during the pendency of Plaintiff's claim. *See Abbington v. Berryhill*, No. 1:17-552, 2018 WL 6571208, at *7 (S.D. Ala. Dec. 13, 2018) (noting *Lucia* relied almost exclusively on *Freytag*).

Second, although it appears the ALJ and Appeals Council would not have ruled on the substance of his Appointment's Clause claim, there are still good reasons to require Plaintiff to exhaust his remedies in front of the agency. *See United States v. L.A. Trucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952). To establish that raising the issue would have been futile, Plaintiff relies on several emergency messages from the Commissioner addressing the Appointments Clause issue. (Doc. 27-1, 27-2). These messages instruct ALJs and the Appeals Council that they should not rule on the Appointments Clause issue, as they lack authority to decide constitutional challenges, and should instead merely note that the issue has been raised.

Yet, the fact that the issue would not have been resolved in his favor in this case is not grounds to excuse the exhaustion requirement. As the Commissioner's policy ruling interpreting *Lucia* explains, the Commissioner receives "millions of applications for benefits each year" and thus has a great need for a system to resolve claims efficiently and consistently. SSR 19-1p, 84 Fed. Reg. 9582 (March 15, 2019). As the Supreme Court has noted, "the Social Security hearing system is 'probably the largest adjudicative agency in the western world.' The need for efficiency is self-evident." *Barnhart v. Thomas*, 540 U.S. 20, 28–29 (2003). Even if a single objection to an agency procedure is unlikely to be effective, "[r]epetition of the objection in [a large number of cases] might lead to a change of policy, or, if it did not, the Commission would at least be put on

notice of the accumulating risk of wholesale reversals being incurred by its persistence." *L.A.*, 344 U.S. at 37. And while it may be true that the ALJ and the Appeals Council would not have granted review of Plaintiff's claim based on the emergency message, the objection would have been noted and tracked, creating a record that would have allowed the Commissioner to track the "accumulating risk of wholesale reversals" and revise its policies, or not, accordingly. *Id.*

In addition, several social security regulations specify that issues should be presented to the ALJ or the Appeals Council at the "earliest possible opportunity." 20 C.F.R. §§ 404.939, 404.940, 404.946, 416.1439, 416.1440. The regulations also specify that the Appeals Council will review a case if there is "a broad policy procedural issue that may affect the general public interest." 20 C.F.R. § 404.970(a)(4). Plaintiff has failed to provide a convincing rationale for excusing his failure to comply with these requirements. *See Weinberger v. Salfi*, 422 U.S. 749, 764–66 (1975) (holding that the denial of a constitutional challenge to a social security claim is "nonetheless a decision of the Secretary" suitable for judicial review).

Finally, as other courts have recognized, permitting claimants to raise untimely challenges would undermine the incentive to raise the issue at the earliest possible time, which would "encourage the practice of 'sandbagging': suggesting or permitting, for strategic reasons, that the [adjudicative entity] pursue a certain course, and later—if the outcome is unfavorable—claiming that the course followed was reversible error." *Freytag*, 501 U.S. at 895 (Scalia, J., concurring); *see also Ryder*, 515 U.S. at 183 ("Any other rule would create a disincentive to raise Appointments Clause challenges with respect to questionable judicial appointments.").

Decisions excusing a claimant's failure to exhaust his remedies before the Commissioner rely heavily on *Sims v. Apfel*, 530 U.S. 103 (2000). In *Sims*, the Court held that exhaustion before the Appeals Council was not necessary to preserve a claim for review, although the Court

specifically reserved the question whether "a claimant must exhaust issues before the ALJ." 530 U.S. at 2083. The plurality opinion in *Sims* emphasized the non-adversarial nature of Social Security proceedings, and the fact that the Appeal Council's notice of decision implies that the Council will consider any issue presented on the record. *Id.* at 110–12.

But *Sims* applied specifically to Appeals Council's procedure for reviewing claims and the ambiguous notice provided to claimants about the nature of its review. *See id.* at 112–114 (O'Connor, J., concurring) (noting that "the relevant regulations and procedures indicate that issue exhaustion before the Appeals Council is not required"). Circuit Courts interpreting *Sims* have not extended its rationale to excuse the failure to raise an issue before the ALJ. *See, e.g.*, *Shalibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017 (declining to extend *Sims* to issue not raised before the ALJ). Furthermore, while *Sims* relied heavily on the non-adversarial nature of Social Security proceedings as it relates to evaluating a specific claim, this aspect of the process is less pronounced with regards to the Appointments Clause issue. *See Fortin v. Comm'r Soc. Sec.*, 2019 WL 1417161, at *5 (E.D. Mich. March 29, 2019) ("[W]here the challenge is to the structural integrity of the process itself, the adversarial nature of the litigation reemerges.").

In sum, the Appointments Clause issue is subject to forfeiture if not raised before the ALJ, and Plaintiff has not provided a sufficient rationale for disregarding the general rule here. Plaintiff points to no disputed issue of fact while the Commissioner has shown it is entitled to judgment as a matter for law based on forfeiture.

## IV. RECOMMENDATION

For the reasons above, it is **RECOMMENDED** that the Commissioner's motion be **granted**. (Doc. 23).

**Recommended** in Ocala, Florida on May 17, 2019.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy