UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KENNETH D. BURR, JR,**

    **Plaintiff,**

v.                                                                                                  Case No: 5:18-cv-518-Oc-18PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying his application for Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision should be affirmed.

**I.  BACKGROUND**

On March 20, 2015, Plaintiff filed an application for DIB benefits, alleging disability beginning July 1, 2014. The claim was denied initially, and upon reconsideration. At Plaintiff's request, a hearing was held on December 7, 2017, where both the Plaintiff and an impartial vocational expert testified. On February 16, 2018, the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 19-34). Plaintiff's request for review was denied by the Appeals Council (Tr. 1-6), and Plaintiff initiated this action on October

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

9, 2018.  (Doc. 1).   Plaintiff has exhausted his administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: lumbar and cervical degenerative disc disease, shoulder impairment, arthritis, plantar fasciitis, obesity, depression and anxiety disorder. (Tr. 22).

The ALJ found that the Plaintiff had the residual functional capacity to perform less than the full range of sedentary work. (Tr. 24). The ALJ found that Plaintiff can occasionally stoop, kneel, crouch, or crawl. He can never climb ladders, ropes, or scaffolds but he can occasionally climb ramps or stairs. Plaintiff should avoid exposure to hazards such as heights or machinery with moving parts. He can frequently reach (including overhead) with the upper extremities. He can frequently handle and finger with the upper extremities. There should be no production rate pace work. Plaintiff is limited to only occasional changes in routine workplace setting.

Based upon his RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as addressor, call out operator, and charge accounting clerk. (Tr. 32-33). The ALJ's finding includes his consideration of Plaintiff's limitations that erode the unskilled sedentary occupational base, and the vocational expert's testimony regarding what functions Plaintiff could perform considering his limitations. (Tr. 33). Accordingly, the ALJ determined that Plaintiff is not disabled.

**II.     STANDARD OF REVIEW**

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

### III. DISCUSSION

As an initial matter, the remaining scope of Plaintiff's appeal is very limited. The majority of Plaintiff's memorandum focused on his position that the ALJ lacked authority to make a final determination because he was not properly appointed under the Appointments Clause. *See* Doc.

28 at 6-15. The Court, however, already rejected this argument and entered partial summary judgment in favor of the Commissioner as to Plaintiff's Appointments Clause challenge. (Docs. 29 & 35). This leaves Plaintiff's lone argument that the case should be remanded because "of the lack of documentation in the record regarding the March 6, 2017 Disability Determination and Transmittal." Doc. 28 at 5-6. This argument lacks merit.

Plaintiff's DIB application was denied initially and upon reconsideration. (Tr. 95-96, 116-17, 120-28, 195-198). Then, on March 6, 2017, a revised determination was made at the reconsideration level and an "informal remand" was noted in the remarks section. (Tr. 118). The ALJ subsequently conducted a hearing on December 7, 2017 and issued his unfavorable decision on February 22, 2018. On August 10, 2018, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). Thus, Plaintiff's claim went through each step of the administrative process, and the ALJ's decision on his claim—that he was not disabled—is the final decision of the Commissioner that is subject to judicial review. Plaintiff has failed to offer any argument or demonstrate how the notation at the reconsideration level rises to the level of an evidentiary gap that results in clear prejudice or unfairness. *See George v. Astrue,* 338 F. App'x 803, 805 (11th Cir. 2009), *citing Graham v. Apfel,* 129 F.3d 1420, 1423 (11th Cir. 1997) ("[b]efore ordering a remand, we will review the administrative record as a whole to determine if it is inadequate or incomplete or 'show[s] the kind of gaps in the evidence necessary to demonstrate prejudice.'"). To the contrary, Plaintiff simply speculates that there *might* have been additional information related to the revised determination and informal remand to which the ALJ did not have access. This is insufficient to warrant a remand.

Particularly since a review of the ALJ's decision clearly shows that substantial evidence supports his decision that Plaintiff is not disabled. In assessing Plaintiff's RFC, the ALJ properly

considered the relevant evidence (and Plaintiff does not argue otherwise), including treatment notes, the opinions of the treating and examining physicians, and Plaintiff's subjective testimony. (Tr. 16-39). Accordingly, and in the absence of any specific challenge by Plaintiff, the ALJ's RFC determination was based on substantial evidence of record. (Tr. 24-31). Likewise, substantial evidence supports the ALJ's finding at step five that there was other work in the national economy that Plaintiff could perform, including the representative sedentary occupations of addresser, call out operator, charge account clerk. (Tr. 32-33, 71-73). Plaintiff failed to prove (let alone argue) that he could not perform the alternative jobs the VE identified. (Tr. 32-33). Plaintiff's speculation that the ALJ might not have considered a full record is unavailing.

### IV. RECOMMENDATION

For the reasons stated above, it is RECOMMENDED that the ALJ'S decision be AFFIRMED under sentence four of 42 U.S.C. § 405(g);

**DONE and ORDERED** in Ocala, Florida on April 27, 2020.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties